[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10826

Non-Argument Calendar

_____

JEROME W. BLACK, JR.,

Plaintiff-Appellant,

*versus*

NURSE KIM RAYBURN,
NURSE TAMEKA CRAWFORD,
CORRECTIONAL OFFICER HEDDEN,

Defendants-Appellees,

WARDEN,

2                    Opinion of the Court                    22-10826

Defendant.

———————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:20-cv-00249-CDL-MSH

———————————

Before JORDAN, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jerome Black appeals the district court's order granting summary judgment to Appellees/Defendants, Nurse Kim Rayburn, Nurse Tameka Crawford, and Correctional Officer Hedden, on his Eighth Amendment deliberate indifference claim. Black asserted that while he was confined at Rutledge State Prison ("RSP"), the Appellees were deliberately indifferent to his serious medical needs by failing to respond appropriately after he suffered serious burns to his right foot. The Appellees moved for summary judgment, arguing that Black failed to exhaust his administrative remedies; they did not violate Black's Eighth Amendment rights; Black intentionally misrepresented a material fact; and Black's claim for money damages against them in their official capacities is barred. The magistrate judge found that Black failed to exhaust his administrative remedies because his grievance was untimely, and it recommended that summary judgment be granted to Appellees and the case be dismissed without prejudice. After a *de novo* review,

the district court adopted the recommendation, granting summary judgment to the Appellees and dismissing Black's complaint without prejudice.  Having read the parties' briefs and reviewed the record, we affirm the district court's order.

## I.

We review *de novo* the district court's application of the exhaustion requirement in the Prison Litigation Reform Act ("PLRA").  *Varner v. Shepard*, 11 F.4ᵗʰ 1252, 1257 (11th Cir. 2021), *cert. denied*, ___ U.S. ___, 142 S. Ct. 1172 (2022).  We review for clear error any factual findings related to the exhaustion of administrative remedies.  *Id.*  Otherwise, we accept as true the facts as set forth in the plaintiff's complaint and draw all reasonable inferences in his favor.  *Id.*

## II.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Thus, when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate . . . must file a grievance and exhaust the remedies available under that procedure before pursing a § 1983 lawsuit."  *Varner*, 11 F.4ᵗʰ at 1257 (internal quotation marks omitted).  "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process.  If their initial grievance is denied, prisoners must then file a timely appeal."

*Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (internal quotation marks and citation omitted).

Ordinarily, an exhaustion defense should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment, as in this case. *Bryant*, 530 F.3d at 1374-75 (internal quotation marks omitted). Because dismissal for failure to exhaust is not an adjudication on the merits, the court can resolve factual disputes using evidence outside the pleadings. *Id.* at 1376. Further, in resolving a factual dispute, the court may make credibility determinations. *Id.* at 1377-78 (finding that the district court did not clearly err in determining that plaintiff's allegation that he was denied access to a grievance form was not credible).

When deciding a motion to dismiss for failure to exhaust administrative remedies, the court conducts a two-step inquiry. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* Taking the plaintiff's version of the facts as true, if the court determines that the plaintiff failed to exhaust administrative remedies properly, the court should dismiss the complaint. *Id.* "If the complaint is not subject to dismissal at the first step . . . the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

A prisoner need only exhaust administrative remedies that are available, or in other words, "capable of use for the accomplishment of [its] purpose." *Turner*, 541 F.3d at 1084 (quoting *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1323 (11th Cir. 2007)). The burden is on the defendant to show that an administrative remedy is available, but "once that burden has been met, the burden of going forward shifts to the plaintiff, who . . . must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020) (internal quotation marks omitted). The Georgia Department of Corrections Standard Operating Procedures ("SOP"), specifically SOP 227.02, provides a grievance procedure for inmates to exhaust their administrative remedies. Relevant here, the SOP states that an inmate must file an original grievance no later than ten days from the date of the grievance, but grievances filed later than ten days may be considered upon "Good Cause." SOP 227.02. The SOP defines "good cause" as a "legitimate reason involving unusual circumstances that prevented the Offender from timely filing a grievance," for example, a serious illness, or being housed away from a facility covered by this procedure.

### III.

Black asserts on appeal that the district court erred in dismissing his claims for failure to exhaust administrative remedies because those remedies were not available to him. Black contends that, pursuant to the SOP, there was good cause for his late filing and the prison officials' rejection of his complaint was arbitrary and capricious. The district court erred, Black argues, because it

deferred to the prison officials' determination. Black also claims that the grievance procedure was "unavailable" to him during the ten days allowed by the SOP because he suffered a serious injury that caused him significant pain; he was hospitalized for five days out of the ten-day period; there was no kiosk for him to file a grievance; and a counselor instructed that he could not file a grievance until he returned to his assigned facility.

The Appellees respond that although this court has not decided whether courts can review a prison official's discretionary decision not to consider a grievance for "good cause" and what standard of review to apply, it does not matter here because the decision was correct under any standard of review. The Appellees assert that Black failed to carry his burden to show that the administrative remedies were unavailable due to his physical injury and pain, and that Black did not support his assertion that a counselor at the Augusta State Medical Prison instructed him that he could not file a grievance until he returned to his assigned prison. The Appellees claim that, even considering that these reasons may establish good cause, Black does not support them with any evidence. Thus, the district court properly dismissed his complaint.

Based on the record, we conclude that the district court did not err in dismissing Black's complaint for failure to exhaust his administrative remedies. Black has the burden to demonstrate that the administrative remedies were unavailable, and he has failed to meet his burden. In *Ross v. Blake*, 578 U.S. 632, 643-44, 136 S. Ct. 1850, 1859-60 (2016), the Supreme Court recognized three

situations in which administrative remedies are "unavailable:" (1) the administrative procedure operates as a "dead end" with officers "unable or consistently unwilling to provide any relief;" (2) the administrative scheme is "so opaque that it is incapable of use;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, and intimidation." *Id.*

Although Black claims that he was too sick and in too much pain to file a grievance form, the district court noted that, in his deposition, Black admitted to walking to the medical unit on three different occasions, only one during which he obtained a sick call form. The district court concluded that Black's physical condition did not render him incapable of timely filing a grievance, and Black presents nothing to indicate that this finding is clearly erroneous. Further, the district court found that a grievance procedure was available to Black at the State Medical Prison as well. Even though Black says that a counselor instructed him he could not file a grievance there, Black does not specify which counselor provided him this information, or when he requested a grievance form while he was in the hospital. Black stated in his deposition that he was sedated while he was in the hospital, but he did not provide medical records in support to show that he lacked the mental faculties to pursue a grievance. As the district court found, Black cannot meet his burden to show that the prison officials' rejection of his grievance was arbitrary or capricious or intended to prevent him from exercising his right of access to the courts. Moreover, Black cannot

meet his burden to show good cause for his failure to timely file his grievance.

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting summary judgment to the Appellees and dismissing Black's complaint without prejudice for failure to exhaust his administrative remedies.

**AFFIRMED**.